OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal of a default judgment rendered by the Canton Municipal Court on the second cause of action contained in an action in forceable entry and detainer with rent and damages due on such second cause of the complaint.
 STATEMENT OF THE FACTS
{¶ 2} According to Appellees' statement of facts, Appellants vacated the rental premises with a surrender of the keys.
{¶ 3} With Appellants being in default as to the second cause of action, Appellees on January 15, 2004, filed a motion for default judgment with service at the premises which had been surrendered to Appellees.
{¶ 4} Default judgment was granted on January 20, 2004.
{¶ 5} Appellants had entered an appearance at the eviction aspect of the complaint.
{¶ 6} A motion to vacate the judgment was denied.
{¶ 7} While strict compliance with the Appellate Rules has not been made by Appellants as to stating their assignment of error along with other requirements, it is clear that their assignment of error is the granting of a default judgment without compliance with the notice requirements of Civil Rule 55(A).
{¶ 8} Such Rule provides:
{¶ 9} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
{¶ 10} While Appellees assert the failure as to proof of service of the appellate brief and lack of specificity of the assignment of error, they admit non-compliance with Civil Rule 55(A).
{¶ 11} Such non-compliance is a failure to follow an applicable rule in the same manner as that asserted as to the Appellants and one does not excuse nor eliminate the others.
{¶ 12} While as Appellees state, Appellants may not ultimately be entitled to any relief, they were still entitled to notice.
{¶ 13} We need not address the puzzling attempt at service on Appellants at Appellees' property which had been surrendered and known to not be the address of Appellants.
{¶ 14} The default judgment heretofore granted is vacated; this cause is remanded for further proceedings in accordance herewith.
Boggins, J., Gwin, PJ. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court is vacated and remanded. Costs to Appellees.